In the Matter of Supplementary Proceedings: ÆTNA LIFE INSURANCE COMPANY, Appellant, v. SAM KAUFMAN and HARRY KAUFMAN, Doing Business as KAUFMAN BROS., Respondents.— This action was brought by plaintiff to recover insurance policy premiums owing by defendants. Plaintiff recovered judgment against defendants in the County Court of Suffolk county on the 8th day of December, 1931, for the sum of $996.03 damages and costs. On November 4, 1933, plaintiff duly procured the appointment of a receiver of the defendants' property and such receiver duly qualified. The defendants were, at the time of the recovery of said judgment and the appointment of such receiver, the plaintiffs in an action to foreclose a certain mechanic's lien pending in the County Court of Suffolk county, in which action one Frieman was the attorney for said plaintiffs. Such proceedings were had in such action that ultimately on May 26, 1936, defendants herein, the plaintiffs in that action, recovered a judgment upon a determination of this court modifying, and affirming as modified, a judgment theretofore entered in the County Court of Suffolk county, establishing a valid lien for the sum of

$1,794.71 besides interest, costs and an extra allowance, amounting in all to $2,975.76. [*Kaufman* v. *Tremaine*, 248 App. Div. 628.] Thereafter said attorney, asserting an attorney's lien against such recovery, moved to modify and vacate the order appointing the receiver, dated November 4, 1933, and the motion was granted by the County Court of Suffolk county. From the order granting the motion, dated July 3, 1936, the judgment creditor appeals. Order of the County Court of Suffolk county vacating in part the order dated November 4, 1933, and restraining the receiver from attempting to hinder or prevent the disposition of moneys to be paid under the judgment, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We are of opinion that the cause of action of the judgment debtors against said Leahy and Seaboard Surety Company vested in the receiver as of the date of his appointment, subject, however, to the lien of the attorney, Frieman, for the reasonable value of his services and for his necessary and proper disbursements in reducing the cause of action to judgment, which attorney's lien should be determined and enforced as prescribed by section 475 of the Judiciary Law in a proper application to the court, made upon notice to the receiver. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.